

**ORDERED in the Southern District of Florida on April 23, 2021.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

EXCLUSIVE DOORS AND
WINDOWS, LLC,

    Debtor.
_____/

Case No. 19-11829-AJC
Chapter 7

Adv. Case No. 21-01044-AJC

MARCIA T. DUNN, Chapter 7 Trustee of the
Bankruptcy Estate of EXCLUSIVE DOORS
AND WINDOWS, LLC,

    Plaintiff,
v.

BRYAN MUNOZ, an individual,

    Defendant.
_____/

**DEFAULT FINAL JUDGMENT AGAINST BRYAN MUNOZ**

    **THIS CAUSE**, having come before the Court on Plaintiff, Chapter 7 Trustee, Marcia T. Dunn's ("Plaintiff" or "Trustee") *Ex Parte Motion For Entry of Default Final Judgment Against*

Adv. Case No. 21-01044-AJC

*Defendant* (the "Motion for Default Final Judgment") [D.E. 11][1] filed and served April 23, 2021, pursuant to Fed. R. Civ. P. 55, made applicable by Fed. R. Bank. P. 7055, following entry of a Clerk's Default [D.E. 9] against Defendant, BRYAN MUNOZ ("Defendant") entered in this adversary proceeding, and in in conformity with this Court's *Order Granting Plaintiff's Ex-Parte Motion for Default Final Judgment* entered simultaneously herewith, and finding that the Court has jurisdiction over the parties and the subject matter, noting the Defendant has not disputed the allegations contained in the Complaint, and after due deliberation thereon and good and sufficient cause appearing therefor, the Court hereby **FINDS AND DETERMINES THAT:**

    A.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and Fed. R. Bankr. P. 7001.

    B.    Venue is proper herein pursuant to 28 U.S.C. §§ 1408 and 1409(a).

    C.    This is a core proceeding for which this Court is authorized to hear and determine all matters and enter final judgment in accordance with 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O).

    D.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

    E.    To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

    F.    Proper, timely, adequate and sufficient service of the Complaint, Summons, and Pretrial Order were provided to the Defendant.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Adv. Case No. 21-01044-AJC

G. Proper, timely, adequate and sufficient service of the Plaintiff's Motion for Clerk's Default was provided to the Defendant.

H. The Defendant had adequate time to respond to the Complaint and failed to do so.

I. The factual allegations asserted in the Complaint with respect to the Defendant are deemed true and are incorporated by reference, particularly that: (i) within the four (4) year period prior to the Petition Date, the Debtor and/or Alter Ego Entities of the Debtor[2] made transfers in the net total amount of $52,335.50 to or for the benefit of the Defendant (the "Transfers"); (ii) the Transfers were of funds belonging to the Debtor and/or Alter Ego Entities of the Debtor and each of the Transfers were made from accounts that were property of the Debtor and/or Alter Ego Entities of the Debtor; (iii) the Transfers did not relate to the business operations of the Debtor and/or Alter Ego Entities of the Debtor; (iv) the Transfers did not confer any benefit upon, nor provide any value to the Debtor, its Alter Ego Entities, or its creditors; (v) the Defendant did not provide the Debtor or its Alter Ego Entities with reasonably equivalent value in exchange for the Transfers; and (vi) neither the Debtor nor its Alter Ego Entities were indebted to Defendant.

J. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the county recorder to effectuate the relief provided herein.

Accordingly, it is **HEREBY ORDERED, ADJUDGED and DECREED THAT**:

1. Final Judgment is entered in favor of the Plaintiff, MARCIA T. DUNN, as Chapter 7 Trustee of the bankruptcy estate of EXCLUSIVE DOORS AND WIDOWS LLC, as to all Counts

---

[2] On December 9, 2020, this Court entered a Default Final Judgment deeming Exclusive Accordions LLC, Miami Dade Accordions LLC, and All Star Shutter LLC (collectively, the "Alter Ego Entities") to be alter egos and mere instrumentalities of the Debtor in the adversary proceeding styled as *Marcia T. Dunn v. Luis Carlos Pimentel, Exclusive Accordions LLC, Miami Dade Accordions LLC, and All Star Shutter LLC*, Adv. Case 20-01360-AJC, D.E. 25, which the Court incorporates by reference herein.

Adv. Case No. 21-01044-AJC

of Plaintiff's Complaint, and against Defendant, BRYAN MUNOZ, for the principal sum of $52,335.50, for a total sum of **$52,335.50**, which amount shall bear interest from this date forward at the prevailing legal rate of interest, for which let execution issue forthwith.

2. The Plaintiff's address is Marcia T. Dunn, Chapter 7 Trustee, c/o Michael P. Dunn, Esq., 66 West Flagler Street, Suite 400, Miami, Florida 33130.

3. The last known addresses of Defendant are: (i) Bryan Munoz, 195 NE 148 St., Miami, FL 33161-2021; and (ii) Brian Munoz, 11204 NW 2 Terrace, Miami, FL 33172-3521.

4. The Court reserves jurisdiction to enter any further orders and decrees as are proper; modify, supplement, amend, enforce and implement the terms and provisions of this Final Judgment; or take any other actions that may be necessary in connection with this matter, including but not limited to, the issuance of writs of execution.

#    #    #

**Submitted by:**
Jerrod M. Maddox, Esq.
Florida Bar No. 117820
DUNN LAW, P.A.
*Counsel for Marcia T. Dunn, Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Tel: 786-433-3866
Fax: 786-260-0269
jerrod.maddox@dunnlawpa.com

*Attorney Maddox is directed to serve a conformed copy of this Order upon all interested parties who do not receive service via CM/ECF, and to file proof of such service within two (2) business days from entry of the Order.*